### RAKER v. CLARK DREDGING CO., Inc.
### No. 7512.

Circuit Court of Appeals, Fifth Circuit.
Feb. 13, 1935.

O. S. Thacker, of Kissimmee, Fla., for appellant.

Wm. L. Reed, E. B. Kurtz, and Eldon L. Boyce, all of Miami, Fla., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an action to recover damages for the death of the plaintiff's minor son, who was killed as a result of being thrown from a motorcycle while riding along a public highway. The declaration alleges that the defendant negligently and wrongfully

"heaped up earth, gravel and rock, and the remains of a tree, on the public highway known as Northwest South River Drive, at a point just west of Northwest 27th Avenue, * * * so as to obstruct it," and that decedent's motorcycle collided with these alleged obstructions. The defendant pleaded the general issue and contributory negligence. A witness who was riding with the decedent at the time of the accident testified that, as the motorcycle rounded a curve going east, it skidded to the left or north side of the road, and "just after it started skidding we hit a tree and both of us were thrown from the motorcycle. The tree was lying beside the road with part of the roots projecting out over the edge of the black part of the road. The motorcycle caught on the root of that tree. We landed about eighteen or twenty feet from the motorcycle on a pile of rock there beside the road." He was asked whether on the following Sunday the tree was lying in the same position as it was the night of the accident; and, upon objection being made to this question, counsel for plaintiff stated that, as there might be some controversy as to the place of accident, he desired to show that the accident occurred at the place alleged in the declaration. The court sustained the objection, and in doing so remarked: "Until the defense dislocates you from the site you have fixed, I don't see that you are called upon to introduce evidence." The defendant introduced evidence tending to show that the accident occurred on the curve some 60 or 75 yards west of the uprooted tree and pile of rocks. Its superintendent denied that it had placed an obstruction at the curve, but admitted that it had caused some holes to be dug on the north side of the road "a ways to the east of the turn in the road." He was silent, nor was he asked, about uprooting the tree. In rebuttal, the plaintiff offered several witnesses to prove that the accident occurred east of the curve where the uprooted tree and pile of rocks were; but the court ruled out the proffered evidence, holding that it was part of plaintiff's case in chief. The trial resulted in a verdict and judgment for the defendant. The plaintiff appealing assigns as error the ruling of the court rejecting the evidence offered in rebuttal relating to the place of accident.

Under the circumstances, we think that ruling was erroneous. The plaintiff, having been stopped by the court from offering further proof in chief that the accident occurred as alleged in the declaration at the place where the obstructions of tree and rocks were, clearly was entitled to offer evidence in rebuttal to overcome that of the defendant which located the place of accident at a curve in the highway some distance away from those obstructions. We cannot say that the error was without prejudice to plaintiff's rights, since the jury may reasonably have found for the defendant because they believed that the accident occurred at the curve and that the presence or absence of obstructions some 60 or 75 yards away had no bearing on the case. It does not follow that the verdict would have been the same if witnesses for the plaintiff had been allowed to testify on the subject.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.